**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNATHAN D. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 18-4382 (PGS-TJB) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MERCER COUNTY | : | |
| CORRECTIONS CENTER, et al., | : | **MEMORANDUM** |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to dismiss filed by defendant Mercer County Corrections Center ("MCCC"). (ECF No. 10). Plaintiff Johnathan Williams opposes the motion. (ECF No. 55). For the following reasons, the motion is granted. The complaint shall proceed against non-moving defendant Warden Charles Ellis.

**I.**

Plaintiff is a pretrial detainee at the MCCC in Trenton, New Jersey. A frequent filer in this Court, Plaintiff submitted a document in one of his other pending suits, *William v. Jenkins*, No. 16-9374, captioned as a "motion for an emergency evacuation of punitive basement at MCCC." The Court conducted a telephone conference with Plaintiff on March 26, 2018 and ordered the filing to be docketed as a separate complaint. (ECF No. 2).

Plaintiff alleges that he is incarcerated in a concrete cell in the basement of the MCCC. (ECF No. 1 at 1). He alleges the plumbing is outdated and raw sewage routinely backs-up into the cells. (*Id.*). According to the complaint, the basement is used as the protective custody unit,

and Plaintiff is being housed there illegally. (*Id.* at 1-2). He states it is freezing and water drips a few feet away from his cell. (*Id.* at 2). Plaintiff asks the Court for an "emergency mandatory shut down" of the punitive protective custody unit. (*Id.*). He included 92 pages of "slips" listing various complaints he has with the MCCC. Some slips are addressed to Warden Ellis, others are addressed to President Trump, Congresswoman Coleman, and Chief Justice Roberts. He asks the Court to immediately arrest various county personnel.

Defendant MCCC filed a motion to dismiss on May 24, 2018 arguing that a correctional center is not a proper defendant under 42 U.S.C. § 1983. (ECF No. 10). In light of Plaintiff's numerous filings across his several lawsuits, the Court conducted a hearing on June 25, 2018 at which time Plaintiff was present in Court. (ECF No. 20). The Court reserved its decision on the motion to dismiss. (ECF No. 20). After the hearing, the Court concluded that the appointment of pro bono counsel was warranted. (ECF No. 21). Plaintiff moved for an extension of time to oppose the motion to dismiss, (ECF No. 30), and the Court administratively terminated the motion pending the appearance of pro bono counsel, (ECF No. 32). Pro bono counsel entered an appearance on September 6, 2018, (ECF No. 44), and the Court reinstated the motion to dismiss, (ECF No. 54).[1] A new briefing schedule was set, and opposition and reply papers have now been filed. (ECF Nos. 55 & 56).[2] The matter is now ripe for decision. Fed. R. Civ. P. 78(b).

## II.

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and

---

[1] Plaintiff filed numerous pro se motions prior to the filing of a pro bono counsel's notice of appearance. Magistrate Judge Bongiovanni terminated the motions with the instruction that counsel consult with Plaintiff to determine which motions, if any, should be reinstated. (ECF No. 53).

[2] This matter was stayed on December 17, 2018 pending a psychological evaluation of Plaintiff. (ECF No. 57). The stay was lifted on September 19, 2019. (ECF No. 74).

view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

### III.

The MCCC moves to dismiss itself from the case as it is not a "person" subject to liability under 42 U.S.C. § 1983. Defendant Charles Ellis does not move for dismissal at this time.

In order to set forth a prima facie case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Generally, for purposes of actions under §

3

1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo*, 502 U.S. 21 (1991)).

"Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). A State, agency, or an official of the State acting in his or her official capacity, is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 (1989). Particularly relevant here, prisons are also not considered "persons" under § 1983. *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

Plaintiff argues that MCCC is liable under a *Monell* theory of liability, seeking to hold Mercer County itself liable for the alleged conditions at the MCCC. (ECF No. 55 at 2). "A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 691). "A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom." *Id.* (citing *Monell* at 690–91) "Liability is imposed 'when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the "moving force" behind the constitutional tort of one of its employees.'" *Id.* (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991)).

4

The complaint does not contain sufficient facts for a reasonable inference that a policy or custom created by the relevant Mercer County policy-makers, rather the actions of a few individual employees of MCCC, was the "moving force" behind the alleged violations. The claims against MCCC will be dismissed with prejudice. Plaintiff may move to amend his *Monell* claim against Mercer County itself subject to the Federal Rules of Civil Procedure.

## IV.

For the reasons stated above, the MCCC's motion to dismiss is granted. The complaint shall proceed against Charles Ellis.

An appropriate order follows.

DATED: Sept 30 , 2019

PETER G. SHERIDAN
United States District Judge